**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| JASON ADAMS, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF COLLECTION | ) | **DEFENDANT BUREAU OF** |
| RECOVERY, LLC, | ) | **COLLECTION RECOVERY, LLC'S** |
| | ) | **ANSWER TO COMPLAINT** |
| Defendant. | ) | |

Bureau of Collection Recovery, LLC ("Defendant"), by counsel, states as follows for its Answer to the Complaint filed by Jason Adams ("Plaintiff"):

**FIRST DEFENSE**

Defendant denies the allegations contained in the Complaint's Preliminary Statement.

1. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies said allegations.

2. Admitted.

3. Admitted that under certain circumstances, Defendant may be a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Admitted that Defendant uses the mail and telephone to attempt to collect on accounts. All other allegations contained in paragraph 3 of Plaintiff's Complaint are denied.

4. Admitted that this Court has subject matter jurisdiction over Plaintiff's federal law claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies said allegations.

1

5. Defendant admits to the content of the Fair Debt Collection Practices Act ("FDCPA"). All other allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

6. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 7 of Plaintiff's Complaint are denied.

8. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 11 of Plaintiff's Complaint are denied.

12. Admitted that Defendant telephoned Plaintiff in an attempt to collect on an account. All other allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13. Admitted that Defendant is attempting to collect on a delinquent AT&T account. All other allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. Denied that Plaintiff attached any Exhibits to the Complaint. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore denies said allegations.

15. Admitted that Defendant telephoned Plaintiff on his cellular phone in an attempt to collect on an account. All other allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16. Denied.

17. Denied.

18. Denied that Plaintiff attached any Exhibits to the Complaint. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and therefore denies said allegations.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied that Plaintiff is entitled to judgment against Defendant, consequential damages or costs and expenses. All other allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

24. Denied.

24. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied that Plaintiff is entitled to judgment against Defendant, consequential damages or costs and expenses. All other allegations contained in paragraph 39 of Plaintiff's Complaint are denied.

40. Denied.

41. Denied.

42. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and therefore denies said allegations.

43. Denied that Plaintiff is entitled to judgment against Defendant, consequential damages or costs and expenses. All other allegations contained in paragraph 43 of Plaintiff's Complaint are denied.

44. All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## **ADDITIONAL DEFENSES**

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law by Defendant, which is specifically denied, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

3. Plaintiff failed to mitigate any damages.

4. At all pertinent times, Defendant acted in good faith reliance on the information provided by the original creditor of the account at issue.

5. At all times Defendant acted in good faith.

6. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

7. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

8. All amounts attempted to be collected by Defendant are reasonable and lawful pursuant to the common law and/or statutory law of Michigan.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

                                                          Respectfully submitted,

                                                          <u>/s/Boyd W. Gentry</u>
                                                          Jeffrey C. Turner (OH # 0063154)
                                                          Boyd W. Gentry (OH# 0071057)
                                                          SURDYK, DOWD & TURNER CO., L.P.A.
                                                          One Prestige Place, Suite 700
                                                          Miamisburg, OH 45342
                                                          Tel.:   (937) 222-2333
                                                          Fax:   (937) 222-1970
                                                          jturner@sdtlawyers.com
                                                          bgentry@sdtlawyers.com
                                                          Trial Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on July 16, 2010, the foregoing ANSWER was filed with the Clerk of Court using the CM/ECF system, and served via regular U.S. Mail which will provide notice to Brian P. Parker, Esq., 30700 Telegraph Road, Suite 1580, Bingham Farms, MI 48025.

/s/Boyd W. Gentry
Jeffrey C. Turner (OH # 0063154)
Boyd W. Gentry (OH# 0071057)
SURDYK, DOWD & TURNER CO., L.P.A.
One Prestige Place, Suite 700
Miamisburg, OH 45342
Tel.:   (937) 222-2333
Fax:    (937) 222-1970
jturner@sdtlawyers.com
bgentry@sdtlawyers.com
Trial Attorneys for Defendant